Curia, per

Evans, J.
The single question presented in this case is, whether a magistrate’s execution is authority to levy and sell the defendant’s property after a year and day from the issuing of it. It may not have the incidents of a record, but both in legal adjudications and in common parlance it is called an execution. Until the Act of 1827 was passed, the executions of the Court of Common Pleas on which there were no proceedings for a year and a day, would have given no authority to a sheriff to levy and sell. It was so far presumed to be paid, that the law would not allow any action on it, without giving the defendant notice by ■scire Jadas or action of debt. If a magistrate’s execution be in fact an execution, it must be subject to the same limitations. It is a final process for enforcing a judgment by levy and,sale of goods — and such process is an execution. I can perceive no reason for giving to these executions a duration greater than other processes of the same nature and issued for the same purpose. i
In 2 Bac. Abr. (Amer. edit.) 729, in note, it is said, if the plaintiff get a judgment in the petty bag, (which I apprehend is an inferior court,) or in any court, and is stayed by injunction, after a year and a day he cannot sue out execution without scire Jadas. It would seem from this, that in this particular, the executions of an inferior court are subject to the same restrictions as those of courts of higher jurisdiction.
In Lee v. Giles, 2 Bail. 449, the question was, whether an action in the Court of Common Pleas would lie on a magistrate’s judgment within the year and day. The court decided it would not, but throughout the whole opinion it is conceded that such action might be brought after that time.
*284 The question in Griffin v. Heaton, 2 Bail. 59, was, whether a magis* trate’s judgment was barred after 4 years by the statute of limitations. The court say it is not a record, but is analogous to foreign judgments. It is obvious that is an entirely different question from the one now under consideration. A judgment of the Court of Common Pleas is not barred by the statute of limitations ; and yet before the Act of 1827, it ceased to be authority to levy and sell, after a year and a day — and its validity afi ter that time depends now wholly on that Act — which it is not pretended has any application to executions issued by a magistrate.
I am therefore of opinion, that without revival a magistrate’s execucution, which has lain dormant for a year and a day, gives no authority after that time tq levy and sell the defendant’s property — and therefore that the circuit decision was erroneous. And the motion for a new trial is granted.
Gantt, Richardson, Earle and Butler, JJ. concurred.